■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID JACKSON, Appellant.— Judgment of the Supreme Court, Kings County, rendered May 19, 1967, affirmed. By order of July 15, 1968, we remitted the action to the trial court for a hearing to determine whether defendant was capable of understanding the charge and of making his defense (*People* v. *Jackson*, 30 A D 2d 845). We did so for the following reasons: Defendant had contended that the acts of the trial court deprived him of his right to counsel and to a fair trial. It was our opinion that these contentions were without merit. The record showed defendant to have acted in a dilatory, deliberate manner intentionally aimed at placing the trial court in the position of appearing to deprive defendant of counsel and of a fair trial. Implicit in any such determination is the assumption that the defendant had the mental capability of embarking on a path the end of which was the relinquishment of his right to counsel. The psychiatric reports, probation report and statements of the assigned trial counsel, together with the transcript of the proceedings at trial, however, raised serious doubts as to whether defendant had the requisite mental capability. Hence, a hearing on this issue was ordered, pending which the appeal was held in abeyance. The hearing court found that defendant's capability " was adequate under all the circumstances." While we recognize the difficulties inherent in making such a determination, the question is basically one of fact and there is support in the record for the finding of the hearing court. Therefore, the judgment must be affirmed. Beldock, P. J., Christ, Brennan, Hopkins and Benjamin, JJ., concur.